UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX I. ACUNA,<br>CDCR #P-85538,<br><br>  Plaintiff,<br><br>vs.<br><br>SERGEANT C. GODINEZ,<br>Badge #41197,<br><br>  Defendant. | Case No.: 3:21-cv-02044-CAB-DEB<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

Plaintiff Alex I. Acuna ("Plaintiff" or "Acuna"), while incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant Godinez ("Defendant" or "Godinez"), an RJD Correctional Sergeant, violated his Fourth and Eighth Amendment rights when he conducted a visual strip search on Acuna. *See* ECF No. 1. *See id.* at 3-5. He seeks $450,000 in both general and punitive damages. *Id.* at 7.

///

Acuna has not prepaid the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action. Instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

## I.   MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The fee is not waived for prisoners, however. If granted leave to proceed IFP, they nevertheless remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their actions are dismissed for other reasons. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

To qualify, section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no

---

[1] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of his IFP Motion, Acuna has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report, as well as a prison certificate authorized by a RJD Accounting Officer Specialist. (ECF No. 3.) *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show Acuna had no money in his account at the time he filed suit. (ECF No. 4 at 1-3.) Therefore, the Court **GRANTS** Acuna's Motion to Proceed IFP (ECF No. 2), and declines to assess any initial filing fee because his trust account statements show he "has no means to pay it." *Bruce*, 577 U.S. 84–85. Instead, the Court **DIRECTS** the Secretary of the CDCR to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and to forward those fees to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2). *See id.*

**II.   SCREENING**

   **A.   <u>Standard of Review</u>**

Because Acuna is a prisoner and is proceeding IFP, his Complaint requires a preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion found frivolous, malicious, failing to state a claim, or seeking damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

///

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B.   Factual Allegations & Claims

On December 30, 2019, Acuna returned from an "overnight family visit" and was "escorted" to Defendant Godinez. Compl. at 3. Godinez collected a urine sample from Plaintiff and conducted a "strip search of Plaintiff's body." *Id.* Godinez ordered Acuna to "remove all of his clothing" and bend over "spreading his buttocks wide for examination." *Id.* Acuna alleges that he was asked to bend over "for a longer amount of time usually required" for this type of search. *Id.* When Acuna began to stand up, he claims Godinez "aggressively yelled at him" while "demanding he resume the position." *Id.* Acuna maintains that Godinez's actions constituted "actions of sexual abuse." *Id.* at 4. He further claims that Godinez's "conduct has caused the Plaintiff to suffer a significant degree

of ongoing psychological harm." *Id.* As a result of this alleged psychological harm, Acuna suffers from "depression, anxiety and sleep disturbances to this day." *Id.*

### C. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

### D. Eighth Amendment claims

Acuna claims his Eighth Amendment rights have been violated when he was subjected to a strip search by Godinez that he claims took a "longer amount of time than usually required." Compl., ECF No. 1 at 3. The Eighth Amendment protects prisoners from inhumane methods of punishment and inhumane conditions of confinement, and "[p]rison officials have a duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Farmer v. Brennan*, 511 U.S. 825, 825 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). To state a cruel and unusual punishment claim, Plaintiff must allege facts sufficient to satisfy two requirements. *Id.* at 834; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, he must allege his deprivation was "objectively [and] 'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); *see also Peralta v. Dillard*, 744 F.3d 1076, 1091 (9th Cir. 2014).

Prison conditions are not objectively serious unless they amount to "unquestioned and serious deprivations of basic human needs," or of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson*, 501 U.S. at 298-300. Second, Plaintiff's Complaint "must contain sufficient factual matter" to demonstrate that each Defendant acted with a sufficiently culpable state of mind, that of "deliberate indifference." *Iqbal*, 556 U.S. at 678; *Wilson*, 501 U.S. at 303; *Peralta*, 744 F.3d at 1091. A prison official acts with deliberate indifference if he "knows of and disregards an

excessive risk to the prisoner's health and safety." *Farmer*, 511 U.S. at 837. In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the prisoner], and [the prison official] must also draw that inference." *Id*.

Here, Acuna argues that Godinez's strip search constituted "sexual abuse/assault." Compl. at 4. "Sexual harassment or abuse of an inmate by a correctional officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012); *see also Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ("In the simplest and most absolute of terms . . . prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse…"). Here, however, Acuna has only alleged that he believes the strip search took longer than he believed was reasonable. He does not allege how long the search took place nor does he allege that he was ever physically touched by Godinez or physically injured in any way during the search. The Court finds that Acuna's Complaint is devoid of any plausible factual allegations that would demonstrate that Godinez knew Acuna was subject to an "excessive risk to [Acuna's] health and safety" when he conducted a visual strip search. Therefore, Acuna's Eighth Amendment claims are DISMISSED for failing to state a claim.

### E.     Fourth Amendment claims

"The Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell," *Hudson v. Palmer*, 468 U.S. 517, 526 (1984), and courts have recognized only limited rights to bodily privacy in prison. *See Bull v. City & Cty. of San Francisco*, 595 F.3d 964, 974–75 (9th Cir. 2010); *Mitchenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988). Here, as stated above, Acuna claims that Godinez conducted a strip search that took longer than other searches he had previously been subjected to. *See* Compl. at 4.

However, routine visual strip searches do not violate the Fourth Amendment. *See Hudson*, 468 U.S. at 529 ("[W]holly random searches are essential to the effective security of penal institutions."); *Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566

U.S. 318, 327–28 (2012) ("[D]eterring the possession of contraband depends in part on the ability to conduct searches without predictable exceptions."); *Michenfelder*, 860 F.2d at 333–34 (upholding routine visual body cavity searches for contraband or weapons); *Nunez v. Duncan*, 591 F.3d 1217, 1227–28 (9th Cir. 2010) (finding federal prisoner's strip search for contraband did not violate the Fourth Amendment because controlling contraband within a prison is a legitimate penological interest and the regulation allowing visual strip searches was reasonably related to that interest).

While the manner in which a bodily search is conducted may become so unreasonable that it can violate the Fourth Amendment, Acuna's accusation that the search took longer than it was supposed to does not rise to level that was "excessive, vindictive, harassing, or unrelated to any legitimate penological purpose." *Michenfelder*, 860 F.2d at 332–33; *see also Hudson,* 468 U.S. at 528 ("The uncertainty that attends random searches of cells renders these searches perhaps the most effective weapon of the prison administrator in the constant fight against the proliferation of knives and guns, illicit drugs, and other contraband."). *Thompson v. Souza*, 111 F.3d 694, 700 (9th Cir. 1997) (upholding visual strip searches conducted outside prisoner's cell as reasonably related to the legitimate penological interest in keeping drugs out of the prison).

Accordingly, Acuna's Fourth Amendment claims are DISMISSED for failing to state a claim.

### F.   Leave to Amend

As discussed, the Court finds Acuna's Complaint fails to state any claim upon which relief can be granted and that it must be dismissed sua sponte and in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1).  Because Acuna is proceeding pro se, the Court, having now provided him with "notice of the deficiencies in his complaint," will also grant him an opportunity to fix them.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

/ / /

/ / /

## III.     CONCLUSION AND ORDER

Accordingly, the Court:

1. **GRANTS** Acuna's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or her designee, to collect from Acuna's trust account the $350 filing fee owed in this case by garnishing monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DISMISSES** Acuna's Complaint sua sponte and in its entirety based on his failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. **GRANTS** Acuna 60 days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Acuna's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Acuna fails to file an Amended Complaint within 60 days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) and his failure to

8

3:21-cv-02044-CAB-DEB

prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

The Clerk of Court is directed to mail Plaintiff a court approved civil rights complaint form for his use in amending.

**IT IS SO ORDERED.**

Dated: January 4, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge