UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX I. ACUNA,<br>CDCR #P-85538,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SERGEANT C. GODINEZ,<br>Badge #41197,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 3:21-cv-02044-CAB-DEB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

**I.　Procedural History**

On December 3, 2021, Plaintiff Alex I. Acuna ("Plaintiff" or "Acuna"), while incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. *See* ECF No. 1. Plaintiff alleged that Defendant Godinez ("Defendant" or "Godinez"), an RJD Correctional Sergeant, violated his Fourth and Eighth Amendment

rights when he conducted a visual strip search on Acuna. *See id.* at 3-5. He sought $450,000 in both general and punitive damages. *Id.* at 7.

On January 4, 2022, the Court GRANTED Acuna's Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) but sua sponte DISMISSED his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b). *See* ECF No. 5. Acuna was granted leave to file an amended pleading and on March 25, 2022, Acuna filed his First Amended Complaint ("FAC"). *See* ECF No. 8.

## II. SCREENING

### A. Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion found frivolous, malicious, failing to state a claim, or seeking damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  And while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Factual Allegations & Claims

Acuna alleges that Defendant Godinez "conducted a strip search" of Plaintiff on December 30, 2019.  ECF No. 8 at 3.  After "visually inspect[ing] [Acuna's] buttocks and anus," Acuna "resumed a standing position." *Id.*  However, Godinez purportedly ordered Acuna to bend over again and Acuna complied.  *See id.*  Acuna claims Godinez "forced [Acuna] through screaming demands to stay bent over with [his] anus spread wide" for up to two minutes and then repeated this demand four additional times. *Id.*  Acuna claims that these actions by Godinez were "contrary to policy" and in an attempt to "sexually abuse" Acuna. *Id.* Acuna was "in fear that the Defendant would sexually batter" him. *Id.* Plaintiff alleges that he suffers from "serious psychological harm, depression, [and] anxiety." *Id.*

### C. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

### D. Eighth Amendment claims

Acuna claims his Eighth Amendment rights have been violated when he was subjected to a strip search by Godinez that he claims constituted "sexual abuse" and "sexual

assault." ECF No. 8 at 3. The Eighth Amendment protects prisoners from inhumane methods of punishment and inhumane conditions of confinement, and "[p]rison officials have a duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Farmer v. Brennan*, 511 U.S. 825, 825 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). To state a cruel and unusual punishment claim, Plaintiff must allege facts sufficient to satisfy two requirements. *Id.* at 834; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, he must allege his deprivation was "objectively [and] 'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); *see also Peralta v. Dillard*, 744 F.3d 1076, 1091 (9th Cir. 2014).

Prison conditions are not objectively serious unless they amount to "unquestioned and serious deprivations of basic human needs," or of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson*, 501 U.S. at 298-300. Second, Plaintiff's FAC "must contain sufficient factual matter" to demonstrate that each Defendant acted with a sufficiently culpable state of mind, that of "deliberate indifference." *Iqbal*, 556 U.S. at 678; *Wilson*, 501 U.S. at 303; *Peralta*, 744 F.3d at 1091. A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to the prisoner's health and safety." *Farmer*, 511 U.S. at 837. In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the prisoner], and [the prison official] must also draw that inference." *Id.*

"Sexual harassment or abuse of an inmate by a correctional officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012); *see also Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ("In the simplest and most absolute of terms . . . prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse…"). Here, however, Acuna has only alleged that he believes the strip search took longer than he believed was reasonable. He does not allege that he was ever physically touched by Godinez or physically injured in any way during the search.

Moreover, he does not allege that Godinez ever said anything sexual to Acuna. Acuna appears to believe that the strip search was conducted in a sexual manner but offers no factual allegations that would support this claim. His only allegation is that Godinez purportedly "scream[ed] demands" at him. ECF No. 3. The Court finds that Acuna's FAC is devoid of any plausible factual allegations that would demonstrate that Godinez knew Acuna was subjected to an "excessive risk to [Acuna's] health and safety" when he conducted a visual strip search. Therefore, Acuna's Eighth Amendment claims are DISMISSED for failing to state a claim.

### E. Fourth Amendment claims

"The Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell," *Hudson v. Palmer*, 468 U.S. 517, 526 (1984), and courts have recognized only limited rights to bodily privacy in prison. *See Bull v. City & Cty. of San Francisco*, 595 F.3d 964, 974–75 (9th Cir. 2010); *Mitchenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988). Here, as stated above, Acuna claims that Godinez conducted a strip search that took longer than other searches he had previously been subjected to and the search lasted a total of eight to ten minutes. *See* ECF No. at 4.

Routine visual strip searches do not violate the Fourth Amendment. *See Hudson*, 468 U.S. at 529 ("[W]holly random searches are essential to the effective security of penal institutions."); *Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318, 327–28 (2012) ("[D]eterring the possession of contraband depends in part on the ability to conduct searches without predictable exceptions."); *Michenfelder*, 860 F.2d at 333–34 (upholding routine visual body cavity searches for contraband or weapons); *Nunez v. Duncan*, 591 F.3d 1217, 1227–28 (9th Cir. 2010) (finding federal prisoner's strip search for contraband did not violate the Fourth Amendment because controlling contraband within a prison is a legitimate penological interest and the regulation allowing visual strip searches was reasonably related to that interest).

While the manner in which a bodily search is conducted may become so unreasonable that it can violate the Fourth Amendment, Acuna's accusation that the search

took longer than it was supposed to does not rise to level that was "excessive, vindictive, harassing, or unrelated to any legitimate penological purpose."  *Michenfelder*, 860 F.2d at 332–33; *see also Hudson,* 468 U.S. at 528 ("The uncertainty that attends random searches of cells renders these searches perhaps the most effective weapon of the prison administrator in the constant fight against the proliferation of knives and guns, illicit drugs, and other contraband.").  While Plaintiff claims that Godinez's actions were "solely intended to further his own sexual gratification," there simply are no factual allegations to support this conclusory statement.

Accordingly, Acuna's Fourth Amendment claims are DISMISSED for failing to state a claim.

### F.   Leave to Amend

On January 4, 2022, the Court explained Acuna's original pleading deficiencies, and because it was not absolutely clear he could not allege additional facts to state plausible Fourth or Eighth Amendment claims for relief, granted him leave to amend.  *See* ECF No. 5 at 7 (citing *Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). Despite having had this opportunity, Acuna still fails to adequately plead any constitutional claim for relief against Godinez.  Therefore, the Court finds further amendment would be futile.  *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION AND ORDER

Accordingly, the Court **DISMISSES** this civil action *sua sponte* without further leave to amend for failure to state a claim upon which § 1983 relief can be pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED.**

Dated: April 29, 2022

Hon. Cathy Ann Bencivengo
United States District Judge